**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:   Nathaniel Hill, No. 028151
        nhill@jacksonwhitelaw.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Gonciarz, filing individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>Sage Hospice, LLC, an Arizona Limited Liability Company; A Servant's Heart Hospice, L.L.C. d/b/a Sage Hospice, an Arizona Limited Liability Company;<br><br>Defendant. | Case No.: _____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Brian Gonciarz, filing as an individual and on behalf of all others similarly situated, by and through his counsel undersigned, and for his Complaint alleges as follows:

1. This action arises from the illegal employment actions of Defendants Sage Hospice, LLC, and A Servant's Heart Hospice, L.L.C. d/b/a Sage Hospice (referred to collectively as "Sage") involving violations of the overtime wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2. As provided for under the FLSA, Plaintiff Gonciarz brings this action on behalf of himself and as a collective action on behalf of all other similarly situated current

and former Licensed Practical Nurses (collectively referred to herein as LPN Employees) working for Sage at any time during the last three years.

3. As a collective action, Plaintiff Gonciarz will seek to provide notice to all other similarly situated LPN Employees of the opportunity to join this action by filing their consent with the Court. Plaintiff Gonciarz and any similarly situated LPN Employees who join this collective action are referred to herein as the Collective Action Members.

4. The FLSA requires employers pay all covered employees an overtime wage of at least one-and one half times their normal hourly compensation rate for all hours worked in excess of 40 hours in any workweek.

5. Plaintiff Gonciarz and the other similarly situated LPN Employees met the legal and statutory requirements to be classified as covered employees under the FLSA.

6. Plaintiff Gonciarz and the other similarly situated LPN Employees did not rightly qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

7. Plaintiff Gonciarz and the other similarly situated LPN Employees routinely worked well over 40 hours in a typical workweek without receiving overtime wages in violation of the FLSA.

8. Sage willfully and in bad faith failed to pay overtime wages to Plaintiff Gonciarz and the other similarly situated LPN Employees for the purpose of unjustly enriching itself.

9. As a result, Plaintiff Gonciarz and the LPN Employees have suffered economic damages in an amount to be proved at trial.

10. This action is brought to recover all damages available to Plaintiff Gonciarz and the Collective Action Members under the FLSA. This includes such things as unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

**JURISDICTIONAL ALLEGATIONS**

11. As this matter arises under the FLSA, a federal statute, this Court has original and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391 as the acts and omissions alleged herein occurred within the geographic region covered by the United States District Court for the District of Arizona.

**THE PARTIES**

13. Defendant A Servant's Heart is an Arizona Limited Liability Company with its corporate headquarters in Scottsdale, Arizona.

14. Defendant A Servant's Heart has annual revenue in excess of $500,000 and engages in interstate commerce as that term is defined under the FLSA.

15. During the relevant time period, Defendant A Servant's Heart met all legal and statutory requirements under the FLSA to be the covered employer of Plaintiff Gonciarz and the other similarly situated Installation Employees.

16. As a covered employer, Defendant was required to comply with the provisions and legal requirements contained in the FLSA.

17. Defendant Sage Hospice, LLC is an Arizona Limited Liability Company with its corporate headquarters in Scottsdale, Arizona.

18. Defendant Sage Hospice has annual revenue in excess of $500,000 and engages in interstate commerce as that term is defined under the FLSA.

19. During the relevant time period, Defendant Sage Hospice met all legal and statutory requirements under the FLSA to be the covered employer of Plaintiff Gonciarz and the other similarly situated Installation Employees.

20. As a covered employer, Defendant Sage Hospice was required to comply with the provisions and legal requirements contained in the FLSA.

21. Plaintiff Gonciarz and the other LPN Employees were employed by Sage to provide in-home triage and medical services to hospice patients.

22. Plaintiff Gonciarz is a resident of Maricopa County in the State of Arizona.

23. During the relevant time period, Plaintiff Gonciarz and the group of all other similarly situated LPN Employees met all legal and statutory requirements to be covered employees under the FLSA.

24. As covered employees, Plaintiff Gonciarz and the group of all other similarly situated LPN Employees were covered by the provisions and protections of the FLSA such as receiving overtime wages.

25. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiff Gonciarz has filed his written consent form with the Court as an attached exhibit to this Complaint allowing him to proceed as a party in this action.

## BACKGROUND FACTS

26. Defendant Sage Hospice, LLC is an Arizona Limited Liability Company operating out of Scottsdale, Arizona and is the parent company of Defendant A Servant's Heart Hospice, LLC.

27. Defendant A Servant's Heart Hospice, LLC is a Limited Liability Company operating out of Scottsdale, Arizona that provides hospice services to individuals within the Phoenix Metropolitan area.

28. Plaintiff began working for Sage in or around July, 2017 as a Licensed Practical Nurse ("LPN").

29. As an LPN, Plaintiff's and all LPN Employee's responsibilities included providing direct patient care under the supervision of a registered nurse.

30. All LPN Employees are employees of the Sage.

31. All LPN Employees provide direct patient care as defined in State Nurse Practice Act, including specialized duties related to end of life care.

32. All LPN Employees implement current nursing practice following a comprehensive assessment and the plan of care.

33. All LPN Employees provide accurate and timely documentation of patient services to reflect the plan of care.

34. All LPN Employees assess and provide patient and family/caregiver education and information pertinent to diagnosis and self-plan of care.

35. All LPN Employees participate in coordination of hospice services, appropriately reporting the identified needs to the interdisciplinary group. Examples include hospice aide, OT, PT, SW, ST, Dietician or Clinical Supervisor.

36. All LPN Employees Perform other duties as assigned by the registered nurse.

37. Plaintiff Gonciarz is a long-term employee with extensive experience working as an LPN.

38. Sometime in April 2023, Plaintiff Gonciarz voluntarily left his employment with Defendant.

39. Plaintiff Gonciarz and the other similarly situated LPN Employees worked, but were not properly compensated for all hours actually worked.

40. For example, although Plaintiff Gonciarz and the other similarly situated LPN Employees received compensation based on an annual rate for regularly scheduled shifts, this rate of pay was calculated for a two-week period of 80 hours worked in that two-week period.

41. However, Plaintiff Gonciarz and the other similarly situated LPN employees in fact worked significantly more than 80 hours during that two-week period than those hours for which they were compensated.

42. Also, when Plaintiff Gonciarz and the other similarly situated LPN employees were not scheduled for their own regular shift times, they worked coverage shifts or on-call shifts that were paid based on an hourly rate for those coverage or on-call shifts.

43. Plaintiff Gonciarz and the other similarly situated LPN Employees received compensation based on an hourly rate for all extra coverage shifts they worked, even though their work performed was the same as the work performed for regularly scheduled shifts.

44. These additional coverage shifts further added to the total hours worked by Plaintiff Gonciarz and the other similarly situated LPN Employees during a two-week work cycle.

45. Plaintiff Gonciarz and the other similarly situated LPN Employees were not paid overtime wages despite consistently working over 40 hours each workweek or over 80 hours in a two-week work cycle.

46. Plaintiff Gonciarz and the other similarly situated LPN Employees were told by Defendant when to start and end their workday.

47. Plaintiff Gonciarz typically began his scheduled shifts at approximately 5 p.m. Friday and would remain working on-call until 8 a.m. the following Monday. Then Plaintiff Gonciarz would work a series of four fifteen hour shifts beginning at 5 p.m. and ending at 8 a.m. the following business day. Plaintiff Gonciarz worked his scheduled shifts on a "week-on week-off basis."

48. Plaintiff Gonciarz's schedule routinely had him working excessive overtime hours for which he was not properly compensated.

49. Plaintiff Gonciarz would frequently work extra shifts in addition to his scheduled shifts to provide coverage for Defendants.

50. While on shift, Plaintiff Gonciarz duties required him to be on stand-by at his home or a Sage facility until he would be dispatched to a patient's home to provide hospice services.

51. While on shift, Plaintiff Gonciarz was required to remain readily available in case a call came in that required his support.

52. Plaintiff Gonciarz and the other similarly situated LPN Employees did not rightly qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

53. Plaintiff Gonciarz and the other similarly situated LPN Employees were improperly paid on a salary basis as that term is legally and statutorily defined under the FLSA.

**FLSA and Collective Action Allegations**

54. Plaintiff Gonciarz and the other similarly situated LPN Employees operated under a common set of policies and procedures covering such things as the travel requirements, compensation, interactions with patients, and expected job performance.

55. Plaintiff Gonciarz has firsthand personal knowledge of the hours worked, compensation practices and the terms and conditions of employment of his fellow LPN Employees. This knowledge was gained through, but not limited to, his many years of employment with Defendant, his extensive interactions with other LPN Employees and company supervisors and management, through verbal and written company directives, and through review of company policies and procedures.

56. Plaintiff Gonciarz and the other similarly situated LPN Employees routinely worked well in excess of forty hours during most workweeks without receiving overtime wages, or alternatively well in excess of eighty hours during most two-week work cycles without receiving overtime wages.

57. This collective action arises from an ongoing illegal and improper scheme by Defendant to systematically and willfully violate the provisions of the FLSA by failing to pay legally mandated overtime wages to Plaintiff Gonciarz and the other similarly situated LPN Employees.

58. Given the willful violations of the FLSA as alleged herein, Plaintiff Gonciarz and the other similarly situated LPN Employees are entitled to use a three year statute of limitations period for the recovery of overtime wages as provided for by the FLSA, 29 U.S.C. § 255.

59. The actions of Sage were not taken in good faith and Sage did not have a reasonable basis for believing that its compensation practices did not violate the FLSA allowing for the collection of liquidated damages.

60. The bad faith and willful violations of the FLSA taken by Sage in failing to pay overtime wages resulted in economic damages to Plaintiff Gonciarz and the other similarly situated LPN Employees.

61. As a collective action, all other current and former LPN Employees working at any point during the last three years may join this lawsuit by filing a properly executed consent to join form with the Court.

62. Plaintiff Gonciarz intends to seek an order from the court providing notice to all other similarly situated current and former LPN Employees of the pendency of this action and their right to join this lawsuit as a Collective Action Member pursuant to the provisions of 29 U.S.C. § 216(b).

63. Given that Plaintiff Gonciarz has alleged a willful violation of the FLSA on the part of Sage, the relevant time period for such notice is three years prior to the filing of this Complaint.

## COUNT 1
### (Violation of the FLSA, 29 U.S.C. § 201 et seq.)

64. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

65. Plaintiff Gonciarz and the other similarly situated LPN Employees are covered employees legally entitled to collect all unpaid overtime wages due them under the FLSA.

66. Defendants meet all legal and statutory requirements under the FLSA for being a covered employer of Plaintiff Gonciarz and the other similarly situated LPN Employees.

67. Plaintiff Gonciarz and the other similarly situated LPN Employees routinely worked in excess of forty hours during most workweeks, or eighty hours in a two-week work cycle, without receiving the overtime wages legally due them under the FLSA.

68. Defendants willfully and in bad faith failed to pay Plaintiff Gonciarz and the other similarly situated LPN Employees the overtime wages legally due them under the FLSA.

69. As a result of this illegal policy and practice, Plaintiff Gonciarz and the other similarly situated LPN Employees have suffered economic damages in an amount to be proved at trial.

70. The policy of not paying overtime wages was knowing, willful, and not taken in good faith. This entitles Plaintiff Gonciarz and the Collective Action Members to extend the recovery period for damages from two years to three years as provided for by the FLSA, 29 U.S.C. § 255(a) and collect liquidated damages in an amount equal to their economic damages.

71. As provided for by the FLSA, Defendant is liable to Plaintiff Gonciarz and the Collective Action Members for their reasonable attorneys' fees and costs.

72. As a result of the illegal actions described herein, Defendants are liable to Plaintiff Gonciarz and the Collective Action Members for such other relief and damages as are available to them and as provided for by law.

**WHEREFORE,** Plaintiff Gonciarz individually and on behalf of those similarly situated, and any Collective Action Members who may join this action, request that this Court enter judgment in their favor and against Defendants as follows:

A. Declare and certify that this action can proceed as a collective action by Plaintiff Gonciarz on behalf of all similarly situated current and former helpers, installers and LPN Employees working for Defendants at any time during the past three years;

B. Issue an Order that notice of this collective action shall be expeditiously sent to the designated class of Collective Action Members informing them of the opportunity to participate in this collective action through the filing of consent to join forms with the Court;

C. Declare that Plaintiff Gonciarz and all Collective Action Members are employees legally entitled to collect unpaid overtime wages;

D. Declare that the actions of Defendants in failing to not pay overtime wages was willful and not taken in good faith;

E. Declare that Plaintiff Gonciarz and all Collective Action Members are legally entitled to a three year recovery period for the purpose of collecting unpaid overtime wages;

F. Enter a judgment against Defendants in an amount to be proved at trial as compensation to Plaintiff Gonciarz and all Collective Action Members for their unpaid overtime wages;

G. Declare that Plaintiff Gonciarz and all Collective Action Members are legally entitled to collect liquidated damages;

H. Declare that Plaintiff Gonciarz and all Collective Action Members are legally entitled to collect their reasonable attorneys' fees and costs;

I. Declare that Plaintiff Gonciarz and all Collective Action Members are entitled to all other relief and remedies available to them under law due to the illegal and improper actions of Defendants;

J. Award Plaintiff Gonciarz and all Collective Action Members interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

K. Award Plaintiff Gonciarz and all Collective Action Members prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

L. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendants file such reports as the Court deems necessary to document compliance; and

M. For all other further relief as this Court deems just and proper.

**DATED** this 31st day of July, 2023.

**JACKSON WHITE**
/s/ Nathaniel J. Hill
By: Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
*Attorneys for Plaintiff Gonciarz*